UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DANIEL R. BOWEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CV-6865 |
| BRENDAN SULLIVAN, | ) | |
| OSCAR CUMPION, | ) | Judge John W. Darrah |
| KIMBERLY CUMPION, | ) | |
| CITY OF CHICAGO, | ) | |
| CITY OF CHICAGO POLICE DEPARTMENT, | ) | |
| CHICAGO POLICE DETECTIVE P. SPAGNOLA, | ) | |
| CHICAGO POLICE OFFICER L. COTTON, | ) | |
| CHICAGO POLICE OFFICER CLIFTON, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Chicago, Chicago Police Department, Detective P. Spagnola, Officer L. Cotton, and Officer Clifton (collectively, "City Defendants") move to dismiss Plaintiff Daniel R. Bowen's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. Defendants Oscar and Kimberly Cumpion ("the Cumpions") also filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. For the reasons presented below, the City Defendants' Motion to Dismiss is granted, and the Cumpions' Motion to Dismiss is denied as moot for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff filed his initial complaint in the Circuit Court of Cook County, Illinois, on September 1, 2011; this action was removed to the Northern District of Illinois on September 29, 2011, pursuant to 28 U.S.C. § 1441(b) and (c). (Notice of Removal at 1.) The Cumpions moved to dismiss Count II of the Complaint on November 14, 2011; the City Defendants filed a Motion to Dismiss the claims against them on November 23, 2011. A briefing schedule on those motions was set by the Court; however, Plaintiff sought leave to amend his complaint on January 4, 2012, and leave was granted. Plaintiff filed an Amended Complaint on January 19, 2012; thereafter, the City Defendants filed a Motion to Dismiss, as did the Cumpions.[1] These Motions to Dismiss the Amended Complaint were fully briefed and are ripe for ruling.

Plaintiff's Amended Complaint stems from an incident, beginning on September 5, 2010, near the Plaintiff's residence located on the 106th block of South Troy Street in Chicago, Illinois. (Am. Compl. ¶¶ 13, 16.) According to Plaintiff, the Cumpions had a party at their home on September 5, 2010, on the 106th Block of South Albany in Chicago, Illinois (one block away from the Plaintiff's home). (*Id.*, ¶¶ 15-16.) Defendant Kimberly Cumpion is alleged to be the daughter of a Chicago Police Officer. (*Id.*, ¶ 19.) On this September night, Plaintiff was visiting with his neighbors at their home, also near the Cumpions' residence. (*Id.*, ¶ 20.) Plaintiff alleges that guests at the Cumpion party entered his neighbor's property, where he was visiting, and caused a disturbance; Plaintiff then visited the Cumpion residence to inform the Cumpions of this disturbance. (*Id.*, ¶

---

[1] Defendant Brendan Sullivan filed an answer to the original Complaint but filed no responsive pleading to the Amended Complaint.

2

22.) Oscar Cumpion approached Plaintiff's neighbor, whom Plaintiff was visiting, and "apologized for the disturbance and admitted knowledge that some of his guests were underage, and that those underage guests were consuming alcohol." (*Id.*, ¶ 23.) Cumpion assured Plaintiff he would supervise his guests and their behavior. (*Id.*) Plaintiff alleges that around midnight, young men were heard screaming in the alley adjacent to Plaintiff's and Plaintiff's neighbor's property. (*Id.*, ¶ 24.) Plaintiff went to where he thought the disturbances were coming from and, then, Plaintiff alleges, Defendant Sullivan[2] punched Plaintiff in the face. Defendant Sullivan, along with other unnamed Defendants, beat Plaintiff unconscious. (*Id.*, ¶¶ 27-30.) Defendant Cotton and Spagnola were called to the scene, investigated, and completed a police report, in which they failed to identify the name of a citizen who provided information for the report, as well as other information regarding witnesses at the scene. (*Id.*, ¶¶ 33-35.) Police Officer Gainer completed a supplemental report of the incident on September 8, 2010, which identified two additional witnesses and stated that Oscar Cumpion could identify Plaintiff's batterers. (*Id.*, ¶ 36.) Plaintiff further alleges that the incident was not investigated any further by the City Defendants. (*Id.*, ¶ 37.) Plaintiff attempted to press charges against Defendant Sullivan; but, Plaintiff alleges, Defendant Clifton failed to inform him of the related court date. (*Id.*, ¶¶ 39-43.) Plaintiff was never apprised of the court date regarding Defendant Sullivan's charges, and the case was dismissed because Plaintiff failed to appear in court. (*Id.*, ¶ 43.)

---

[2] Plaintiff further alleges that Defendant Sullivan was under twenty-one years of age at the time of the incident and alleges Sullivan had been consuming alcohol that night. Sullivan is said to be the son of a Chicago Police Officer. (Am. Compl. ¶¶ 17-18, 21.)

3

Based on the facts Plaintiff alleges, Plaintiff filed a six-count Amended Complaint against the Defendants. Specifically, Plaintiff accuses Defendant Sullivan of battery in Count I, and negligence *per se* against the Cumpions in Count II. (*Id.*, ¶¶ 44-67). Count III of the Amended Complaint alleges a violation of 42 U.S.C. § 1983 by the City Defendants. (*Id.*, ¶¶ 68-85.) Count VII alleges negligence on the part of the City Defendants. (*Id.*, ¶¶ 86-105.) Counts V and VI are against Defendant City of Chicago, and invoke the Illinois Tort Immunity Act, 745 ILCS 10/9-102, and the common law doctrine of *respondeat superior*. (*Id.*, ¶¶ 106-112.)

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present: "(1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).

"While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1939. A threadbare statement of a claim supported by a conclusory statement is insufficient. *Iqbal*, 129 S. Ct. at 1939 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

*Count III: Section 1983 Claim*

### Chicago Police Department's Capacity to Be Sued

Plaintiff names Chicago Police Department as a Defendant in this case; however, as the City Defendants argue, the Chicago Police Department lacks the capacity to be sued. *See* Fed. R. Civ. P. 9(a)(2). "The federal courts look to state law to determine if a defendant is amenable to suit. Fed. R. Civ. P. 17(b). To be sued in Illinois, a defendant must have a legal existence, either natural or artificial." *DeGenova v. Sheriff of Dupage County*, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (quoting *Magnuson v. Cassarella*, 812 F.Supp. 824, 827 (N.D. Ill. 1992)). The Chicago Police Department is merely a department of the City of Chicago, with no independent legal existence. *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001). Therefore, the Chicago Police Department is a non-suable entity, and Plaintiff's claims (in Counts III and IV) against the Chicago Police Department are dismissed with prejudice.

### Violation of Constitutional Rights

Count III of the Amended Complaint, naming the City of Chicago and the Chicago Police Officers, claims, in part, the Defendants "failed to accurately document the witnesses' reports at the scene; failed to investigate the battery [of] Plaintiff; . . . [and]

5

failed to arrest the offender(s) of the battery, including Defendant Brendan Sullivan," thereby depriving Plaintiff "of his right to be protected by the Police force." (Am. Compl. ¶¶ 72-73.) Plaintiff further alleges his rights were impinged by Defendant Officer Clifton's failure to notify Plaintiff of the date of the criminal case hearing against Defendant Sullivan. (*Id.* ¶ 74.) Defendants argue this claim must be dismissed because Plaintiff has not identified a violation of a constitutional right. (City Defendants' Mot. to Dismiss at 6.)

Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The first step in the analysis of a Section 1983 claim is to "identify the specific constitutional right which was allegedly violated." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Plaintiff argues his rights were violated by the City Defendants because the investigation into the incident where he was injured was inadequate and because Plaintiff was never informed of the court date involving Defendant Sullivan's criminal case. (Am. Compl. ¶¶ 69-74.)

However, a citizen does not have a constitutional or federally recognized right to an adequate police investigation, or any investigation at all. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding: "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

"Federal courts in the Seventh Circuit have not recognized an allegation of inadequate police investigatory work as sufficient to state a civil rights claim in the absence of another recognized constitutional right." *Jacobsen v. Nat'l. R.R. Passenger Corp.*, No. 97-CV-6012, 1999 WL 1101299, at *10 (N.D. Ill. Nov. 29, 1999). While the Police Officers' conduct may have violated department policy, or even state law, their alleged insufficient investigation into the events in question does not give rise to a violation of Plaintiff's constitutional rights. *A fortiori*, a police officer's failure to inform Plaintiff of a court date involving the prosecution of the underlying incident could not violate Plaintiff's rights of substantive due process. *See Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (N.D. Ill. 1993) (stating "the officer had no federal, constitutional mandate to conduct an investigation into the plaintiff's assault charge"), *aff'd* 23 F.3d 410 (7th Cir. 1994). Because Plaintiff cannot identify the existence of a constitutional right that Defendants may have violated, Count III of the Amended Complaint is dismissed with prejudice.

### Plaintiff's *Monell* Claim

Plaintiff also appears to assert a *Monell* claim within Count III of the Amended Complaint, alleging that the inadequate investigation of the underlying incident and failure to notify Plaintiff about Defendant Sullivan's criminal case was related to Defendants Sullivan's and Kimberly Cumpion's being children of Chicago Police Officers. (Am. Compl. ¶¶ 75-78.) The Amended Complaint alleges "[p]rotection of other officers and their families by overlooking offenses and failing to properly report incidents is a widespread practice among officers in the Chicago Police Department."

7

(*Id.*, ¶ 77.) This specific incident involving the Plaintiff is the only example in the Amended Complaint given in support of a policy among the Chicago Police Department and its officers. Because Plaintiff has failed to allege the individual officers' conduct violated his constitutional rights, he cannot maintain a *Monell* policy claim. *See Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) (holding where a plaintiff cannot allege a constitutional violation, she cannot have a claim against the municipality).

Moreover, Plaintiff's allegation of this so-called policy is merely conclusory; in fact, Plaintiff does not appear aware that he is alleging a *Monell* claim until the City Defendants raise the point in their Motion to Dismiss. Simply stating a policy or custom was in place without alleging any other facts is insufficient to survive a Rule 12(b)(6) motion. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient. . . . The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." *McTigue v. City of Chicago*, 60 F.3d 381, 382-83 (7th Cir. 1995) (quoting *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994) (internal quotations omitted)). Furthermore, a *Monell* claim would only stand against a municipality, so any claim of this purported institutional policy would also fail as it is alleged against the individual Defendant Officers. Because Plaintiff has failed to properly allege a *Monell* claim, Count III is also dismissed with prejudice on this basis.

## CONCLUSION

For the reasons set forth above, the City Defendants' Motion to Dismiss is granted as to Count III, and the claims alleged by Plaintiff pursuant to 42 U.S.C. § 1983 are dismissed with prejudice. As the only count that gives rise to federal jurisdiction has been dismissed, the Court relinquishes jurisdiction over Plaintiff's remaining state-law claims in Counts I, II, IV-VI. This is within the discretion of the Court: "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). Therefore, Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction, and this case is hereby terminated.

Date: 6-8-12

JOHN W. DARRAH
United States District Court Judge